[No. 957. Decided December 13, 1893.]

## James M. Dougan, *Respondent*, v. T. O. Abbott and Frances C. Abbott, *Appellants*.

### APPEAL — WEIGHT OF TESTIMONY.

The judgment of the superior court will not be disturbed upon a mere preponderance of the testimony.

*Appeal from Superior Court, Pierce County.*

*Stevens, Seymour & Sharpstein,* for appellants.

*Town & Dillon,* for respondent.

The opinion of the court was delivered by

Scott, J.—This action was brought by respondent to recover judgment on two promissory notes, and to subject certain stock pledged as collateral, to the payment of the judgment. Appellants admitted execution and delivery of the notes, and pledging the stock to secure their payment, but set up by way of new matter an agreement whereby they were to procure the conveyance of certain real estate. to respondent, upon the execution of which conveyance respondent was to surrender the notes and collateral. The cause was tried by the court, and judgment was rendered in favor of respondent.

The only question which arises upon the appeal is one of fact. There is a direct conflict between appellant T. O.

Abbott and respondent in their testimony, as to whether such agreement was made. The testimony of said Abbott is to the effect that the respondent and himself had been discussing the question of the payment of the notes, and that respondent broached the proposition of taking lots owned by appellants in satisfaction thereof. That the lots referred to by respondent were lots 1, 2, 3, 4 and 5, in block 35, in what is known as Monticello Park; that he, Abbott, stated that those lots were incumbered by a mortgage, but that he could procure five other lots immediately adjoining which were then owned by one Clement, and inasmuch as said lots did not, at the price agreed upon, quite cover the amount due on the notes, he agreed to deed a lot in another addition (Bay View) to make up for the deficiency, to all of which he claims the respondent assented; and that appellants then obtained a deed from Clement, and tendered it, and one of the lots in Bay View, to respondent, who refused to accept the same, asserting that he had not agreed to take them; that the only lots he ever talked about taking were lots 1, 2, 3, 4 and 5 aforesaid, and that he did not agree to take these lots even until after he had had an opportunity of seeing them; that having seen them they were not where appellants had represented them to be, and for that reason he refused to make the agreement.

It is contended that the court should have found for appellants, because the testimony of said Abbott was supported by that of another witness, and because of the fact that appellants undertook to carry out said alleged agreement, which they would not have done unless the agreement was actually made.

The testimony of the other witness referred to was not very material, and we do not deem it important to give more than a brief synopsis of the evidence introduced. The appellants no doubt believed that the agreement set up had been entered into, but the testimony of the respondent was

to the effect that while some such transaction had been contemplated and talked of, it had never been agreed upon. Regardless of how we might have found, had it been our duty to pass upon the testimony in the first instance, appellants' showing is not of that strength which we feel would warrant us in overturning the finding of the court below, and, consequently, the judgment is affirmed.

HOYT, ANDERS and STILES, JJ., concur.

DUNBAR, C. J., not sitting.